In the Matter of MAX RUMACK et al., on Behalf of Themselves and All Other Persons Similarly Situated, Petitioners, against JOSEPH A. McNAMARA et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents, and EDWARD M. CAPALBO, on Behalf of Himself and Others Similarly Situated, Intervener, Respondent.

Supreme Court, Special Term, New York County, April 13, 1949.

*Thomas Bress* and *Irwin Slater* for petitioners.

*John P. McGrath, Corporation Counsel* (*Frank H. Crabtree* of counsel), for respondents.

*Paul Windels* for intervener, respondent.

EDER, J. Proceeding under article 78 of the Civil Practice Act to review the determination of the respondents, constituting the municipal civil service commission of the city of New York.

The controversy herein stems from an examination held for promotion to sergeant in the police department of the city of New York.

On April 26, 1947, the respondents conducted an examination for promotion to sergeant. Notice thereof was previously published in the *City Record*. The notice, among other things, set forth in the eligibility requirements that the examination was open to all permanent employees of the police department who on the date of the written test, which was held on April 26th, had served in the title of patrolman for a period of not less than one year preceding the date of the examination.

The notices were published in February and April, 1947, and pursuant thereto 7,000 patrolmen including the petitioners filed applications for the examination.

At the time of such examination the Administrative Code of the City of New York provided that sergeants shall be selected from among patrolmen of the first grade (§ 434a–13.0, subd. b) and patrolmen of the first grade were defined to be all such members who are patrolmen and who shall have served five years or upwards (§ 434a–10.0, subd. a, par. 7).

It is apparent, therefore, that at the time of the examination no patrolman could be promoted to the rank of sergeant until he had served as a patrolman for at least five years.

At the time of the examination all of the petitioners had served more than five years in the title of patrolman in the police department; each took the examination and passed.

The petitioners make the claim that those candidates who took such examination held on April 26th, who had not at that time completed five years of service as patrolmen were not eligible to do so, and that therefore their names cannot be included in any list which the commission proposed to promulgate and publish, and they now seek an order restraining the commission from placing the names of such candidates on the promotion list and prohibiting the commission from certifying any such names for promotion.

It appears, however, that the commission has already promulgated the list and petitioners now state in their reply brief that they have no objection to immediate certifications and appointments therefrom of candidates who had at least five

years' service in the police department before the examination was given.

Petitioners maintain that their contention finds support in subdivisions 1 and 5 of section X of rule V of the rules of the commission relating to promotions in the competitive class, in effect on the date of the promotion examination.

Subdivision 1 provides: " 1. No person shall be eligible for promotion who lacks any of the preliminary requirements that would have been required for original entrance to the position to be filled by promotion."

Subdivision 5 provides: " 5. The period of service upon which eligibility is based must be completed not later than the date of the mental test for the promotion examination."

It is argued by petitioners that the language of these subdivisions imports that on the date of the mental test for the promotion examination, which in this case was April 26, 1947, the candidate for promotion had to possess all of the requirements necessary for such promotion and that if on the date of the examination a candidate had not completed five years or upwards as patrolman he lacked a preliminary requirement for the position to be filled and therefore could not be promoted as a result of such examination.

In other words, as I apprehend it, the claim is, in sum, that a candidate for promotion must be eligible to be promoted on the date of the promotion examination and that a candidate cannot acquire eligibility for promotion at a time subsequent to the promotion examination.

On the other hand it is the position of the commission that the petitioners in making this assertion lose sight of the fact that there is a definite and important distinction between " eligibility for promotion " and " eligibility to compete in a promotion examination ", and the argument is made that there is no requirement in the various commission rules and the provisions of the Administrative Code that a patrolman must have five years of service in order to permit him to compete in the promotion examination.

I am of opinion that this is a substantial and meritorious contention.

Subdivision 1 of section X of rule V and section 434a–13.0 of the Administrative Code govern eligibility for promotion as distinguished from eligibility to compete in a promotion examination. Eligibility *for promotion* means that a person has fulfilled *all* the requirements *at the time that he is promoted.* Eligibility *to compete* in a *promotion examination* means that a person

has fulfilled *certain* requirements at the time the promotion examination is advertised.

The right to compete in an examination is the opportunity accorded a candidate to acquire a preliminary status to qualify him for ultimate appointment. But eligibility for ultimate appointment may depend upon fulfillment of additional requirements. Thus, eligibility to compete in an examination for appointment to office and eligibility for ultimate appointment to the office involve separate and distinct qualifications and matters.

There is, therefore, in my opinion, no basis for the petitioners' contention that the action of the commission, as here complained of, was and is illegal. I find nothing in the rules of the commission or in the statutes which warrants a holding that a candidate who took the promotion examination on April 26, 1947, was not eligible to do so unless on that date he had completed five years of service as a patrolman in the police department.

In addition to contending that its action was legal the commission has interposed separate defenses which, I think, should be disposed of, as well.

One of the defenses is that the instant proceeding is barred by the four months' Statute of Limitations; another is that the petitioners are guilty of gross and inexcusable laches and are estopped from maintaining this proceeding at this time.

As to the defense of the bar of the Statute of Limitations it is predicated on the provisions of section 1286 of the Civil Practice Act. This section declares that a proceeding under article 78 of the act to review a determination must be instituted within four months after the determination to be reviewed becomes final and binding.

In that connection it is contended by the commission that the determination which is sought to be reviewed by this proceeding occurred in April, 1947, at the time the commission published in the *City Record* the amended notice containing the eligibility requirements for the examination.

The argument is advanced that the sole complaint of the petitioners is that those eligibility requirements, as determined by the commission at that time, were improper in that patrolmen with one year's service were permitted to compete in the examination and that that is the determination about which this proceeding complains and which it seeks to review.

I regard this defense as an untenable one.

The notice of examination was not a determination as is contemplated by said section 1286 of the Civil Practice Act. Deter-

mination implies an ending or finality of a controversy or suit. The action of the commission in prescribing the eligibility requirements for taking the examination was not a determination of any controversy or issue between contending parties; it was, merely, a " ruling ", unilateral, relating to the proposed examination; it cannot be regarded as equivalent with " determination " in the sense meant and intended by section 1286 and this defense is held to be insufficient as a statutory bar to petitioners' right to institute this proceeding.

As to the defense that the petitioners are guilty of gross and inexcusable laches and are estopped from maintaining this proceeding at this time, I regard it as meritorious.

At the time of the publication of the eligibility requirements in April, 1947, the petitioners had full knowledge and were fully aware that the commission was permitting candidates to take the examination who had not less than one year of service preceding the date of the examination, yet petitioners made no attempt to challenge or test the legality of the action of the commission in so fixing the eligibility requirements, which, of course, they could have done and could have obtained a stay of the examination until the validity of the action of the commission was determined by the court.

Instead, with such knowledge, the petitioners filed applications and competed in the examination and permitted thousands of candidates to likewise compete in the examination. Petitioners have remained silent for two years, permitting the examination to be conducted and rerated on four separate occasions, without making any effort to review the action of the commission.

It appears that more than a thousand candidates have successfully competed in this examination and are awaiting appointment from the eligible list; that their positions on the list and their priorities have been fixed and determined and that any interference with the original eligibility requirements at this time would seriously jeopardize their rights.

The court cannot remain insensible to the situation described. It has given due regard to all the circumstances of the case and after due reflection and consideration it is the ultimate conclusion that this defense is properly interposed and should be recognized (cf. *Matter of Deodati* v. *Kern*, 280 N. Y. 366, 371–372).

For the reasons stated the application is denied and the petition and proceeding are dismissed.

Settle order: